JS 44 CAND (Rev. 12/11)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JENY DE LA CRUZ

**DEFENDANTS**

AVATAR GROUP, INC., AVATAR HOLDINGS, INC., KALA UBHI, ASHOK KUMAR, SARU SAINI, and DOES 1 through 20 inclusive

**(b)** County of Residence of First Listed Plaintiff  San Rafael
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Marin
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RAY H. CHOI, Bar No. 256619, LAW OFFICES OF RICHARD WAHNG, 152 ANZA STREET, SUITE 201, FREMONT, CA 94539. (510) 490-4447

Attorneys *(If Known)*

E-filing

CV 12 3825

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 201 et seq.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**  approx $80,000 but TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*

☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE  ☐ EUREKA

DATE  July 20, 2012

SIGNATURE OF ATTORNEY OF RECORD



1  Richard C. J. Wahng (SBN 225672)
2  Ray H. Choi (SBN 256619)
   Law Offices of Richard C. J. Wahng
3  152 Anza Street, Suite 201
   Fremont, CA 94539
4  (510) 490-4447 Telephone
   (510) 344-5755 Fax
5
6  Attorney for Plaintiff

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9
   JENY DE LA CRUZ, an individual,          Civil Action No. **12   3825**
10
              Plaintiff,                     **COMPLAINT FOR DAMAGES:**
11
12  vs.                                       (1) Violations of California Labor Code §
                                                  510;
13  AVATAR GROUP, INC., a California          (2) Violations of the Federal Fair Labor
    Corporation, AVATAR HOLDINGS, INC., a         Standards Act (29 U.S.C. §201 *et seq.*);
14  California Corporation, KALA UBHI, an      (3) Violations of California Labor Code §
    individual, ASHOK KUMAR, an individual        226.7;
15  SARU SAINI, an individual and DOES 1      (4) Violations of California Labor Code §
    through 20 inclusive,                         201;
16                                            (5) Violations of California Business and
17              Defendants.                       Professions Code § 17200; and
                                              (6) California Labor Code § 226
18
19                                           **DEMAND FOR JURY TRIAL**

20
21              **NATURE OF CLAIM**

22      1. This is an action on behalf of plaintiff JENY DE LA CRUZ ("Plaintiff") for unpaid

23  wages.   Plaintiff was employed by defendants AVATAR GROUP, INC., AVATAR

24  HOLDINGS, INC., KALA UBHI ("Uhbi"), ASHOK KUMAR ("Kumar"), SARU SAINI

25  ("Saini"), and Does 1 through 20 (jointly referred herein as "Defendants").

26      2. Plaintiff seeks to recover damages arising from Defendants' failure to appropriately

27  compensate Plaintiff, including overtime compensation required by the Fair Labor Standards Act

28  and the California Wage Orders and statutes.  Plaintiff seeks compensatory damages for unpaid

COMPLAINT FOR DAMAGES                    1

1  wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C.
2  §216(b), damages for missed meal premiums, waiting time penalties under California Labor
3  Code § 203, damages for inadequate pay statements under California Labor Code Section 226,
4  and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and
5  29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California
6  Business and Professions Code § 17203.

7                                          **PARTIES**

8        3. The true names or capacities, whether individual, corporate, associate, or otherwise, of
9  Defendants DOES 1 through 20, and the manner in which they are responsible for damages
10 herein are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.
11 Plaintiff prays leave to amend this Complaint to show their true names and capacities and the
12 manner in which they are responsible when the same have been ascertained. Plaintiff is
13 informed and believes and based thereon, alleges that each Defendant is negligently liable,
14 strictly liable, or otherwise responsible in some manner as more particularly alleged in this
15 Complaint for the events and happenings herein alleged, and thereby caused damages
16 proximately as herein alleged. All things herein alleged to have been done by any specifically
17 named Defendant have also been done by said Defendants designated by fictitious names.

18       4. At all times herein mentioned each of the said Defendants was in a joint venture with,
19 or agent, servant or employee of, the other Defendants or was otherwise related to or acting for
20 or on behalf of the other Defendants. Each is bound by or responsible for the acts of the others.
21 Said relationships between Defendants were and are created by agreement, by ratification, by
22 ostensible authority, or otherwise, and this paragraph is not a limitation on the matter in which
23 said relationships were created as a matter of fact or as a matter of law. At all times herein
24 mentioned each Defendant was acting and acted within the course and scope of his/her joint
25 venture, agency, service, employment, and authority (actual, inherent, implied, ostensible, or
26 otherwise). Each Defendant further was acting with the knowledge and consent, or ratification
27 of his/her principal and employer under such circumstances and conditions as to give rise to the
28 principal's and employer's responsibility for such acts.

1    5. At all times relevant herein, Plaintiff is an individual residing at San Rafael, California.

2    6. Plaintiff is informed and believe, and thereon alleges that Defendants Avatar Group,

3  Inc., Avatar Holdings, Inc., Ubhi, Kumar, and Saini own and/or manage the restaurant named

4  Avatars Punjabi Burritos, located at 131 Kentucky Street, Petaluma, California.

5    7. At all times relevant herein, individual defendants Ubhi, Kumar, and Saini are,

6  according to information and belief, owners, managers, directors, associates, related to, or

7  employees of Avatar Group, Inc. and/or Avatar Holdings, Inc., having control over Plaintiff's

8  work conditions and work situation.

9    8. There exists, and at all times herein mentioned there existed, a unity of interest and

10 ownership between Ubhi, Kumar, and Saini ("Individual Defendants") and Avatar Group, Inc.

11 and Avatar Holdings, Inc. ("Corporate Defendants") such that any individuality and separateness

12 between Individual Defendants and Corporate Defendants have ceased, and Corporate

13 Defendants are the alter egos of Individual Defendants.

14   9. Corporate Defendants are, and at all times herein mentioned were, so inadequately

15 capitalized that, compared with the business to be done and the risks of loss attendant thereon,

16 their capitalization was illusory.

17   10. Corporate Defendants are, and at all times herein mentioned were, the alter egos of

18 Individual Defendants and there exists, and at all times herein mentioned has existed, a unity of

19 interest and ownership between these defendants such that any separateness has ceased to exist in

20 that Individual Defendants used assets of Corporate Defendants, transferred same without

21 adequate consideration, and withdrew funds from Corporate Defendants' bank accounts for their

22 personal use.

23   11. Corporate Defendants are, and at all times herein mentioned were, mere shell,

24 instrumentalities, and conduits through which Individual Defendants carried on their business in

25 a corporate name exactly as they had conducted it previous to incorporation, exercising complete

26 control and dominance of such business to such an extent that any individuality or separateness

27 of Corporate Defendants and Individual Defendants does not, and at all times therein mentioned

28 did not exist.

1    12. Corporate Defendants are, and at all times herein mentioned were, controlled,
2  dominated, and operated by Individual Defendants as their individual business and alter egos, in
3  that activities and business of Corporate Defendants were carried out without the holding of
4  directors' or shareholders' meetings, no records or minutes of any corporate proceedings were
5  maintained, and Individual Defendants entered into personal transactions with Corporate
6  Defendants without the approval of other directors and/or shareholders.

7    13. Adherence to the fiction of the separate existence of Corporate Defendants as entities
8  distinct from Individual Defendants would permit abuse of the corporate privilege and promote
9  injustice by allowing Individual Defendants to evade personal liability.

10                    **GENERAL ALLEGATIONS**

11    14. At all times relevant herein, Plaintiff was an employee of Defendants who worked as
12  a cook for Defendants at Avatars Punjabi Burritos referenced in paragraph 6.

13    15. Plaintiff was, according to information and belief, an employee of Defendants acting
14  in the normal course and scope of employment duties with Defendants.

15    16. During the course of Plaintiff's employment with Defendants, Plaintiff regularly
16  worked in excess of 8 hours per day and more than 40 hours per week.

17    17. Plaintiff did not perform "exempt" duties in her position as janitor and thus was not
18  subject to any exemption under the California Labor Code or the Fair Labor Standards Act
19  (including without limitation, 29 CFR 541.112, 541.209 and 541.309). Plaintiff was not
20  responsible for management or administrative functions, and her primary job did not require her
21  to exercise independent discretion and judgment or regularly require invention or imagination in
22  a recognized field of artistic endeavor more than fifty percent of her working time.

23    18. At no time during Plaintiff's employment did Plaintiff maintain any professional
24  license with the State of California or practice any recognized profession, nor did Plaintiff
25  exclusively manage any aspect of Defendants' activities where they customarily and regularly
26  exercised discretionary powers or perform services of management. Plaintiff did not directly
27  supervise any employees nor did she participate in the development of general administrative
28  policies of Defendants.

COMPLAINT FOR DAMAGES            4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT I

**(Failure to Properly Pay Overtime Wages against all Defendants, Cal. Labor Code § 510)**

19. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though set forth fully herein.

20. At all times herein relevant, Plaintiff's employment was subject to California Labor Code § 1194 and § 510, and the applicable wage orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code §1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

21. During the course of employment with Defendants, Plaintiff regularly worked in excess of 8 hours per day and more than 40 hours per week. However the Defendants knowingly and willingly failed to pay Plaintiff overtime wages as required by law.

22. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

23. Defendants therefore owe Plaintiff overtime wages not properly paid to Plaintiff in an amount to be determined at trial.

24. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amount owed. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

25. Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorney's fees, costs, and pre-judgment interest at the legal rate pursuant to Labor Code § 1194(a).

## COUNT II

**(Violation of the Fair Labor Standards Act against all Defendants, 29 U.S.C. §201 et seq.)**

26. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though set forth fully herein.

1    27. At all times relevant herein, Plaintiff's employment was subject to the provisions of

2    the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff

3    was an individual employee covered under the FLSA.

4    28. FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work

5    performed in excess of forty hours per week, unless otherwise exempted by law.

6    29. Although Plaintiff was not so exempt during her employment with Defendants,

7    Defendants knowingly caused and permitted Plaintiff to regularly work in excess of 8 hours per

8    day and more than forty hours per week without paying Plaintiff one and one half of Plaintiff's

9    regular rate of pay.

10   30. By not paying overtime wages in compliance with the FLSA, Defendants violated

11   Plaintiff's rights under the FLSA.

12   31. As a direct and proximate result of Defendants' failure to pay proper wages under the

13   FLSA, Plaintiff incurred damages in the form of lost overtime wages.

14   32. As a direct and proximate result of Defendants' failure to compensate Plaintiff under

15   the FLSA, Plaintiff suffered damages in an amount as yet unascertained and to be proven at trial.

16   33. Defendants intentionally, with reckless disregard for their responsibilities under the

17   FLSA, and without good cause, failed to pay Plaintiff her proper pay, and thus Defendants are

18   liable to Plaintiff for liquidated damages in an amount equal to her lost overtime wages pursuant

19   to 29 U.S.C. § 216(b).

20   34. Plaintiff was required to retain legal assistance in order to bring this action and, as

21   such, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §

22   216(b) of the FLSA.

23                                         **COUNT III**

24   **(Failure to Provide Meal and Rest Periods against all Defendants, Cal. Labor Code §226.7)**

25   35. Plaintiff realleges and incorporates herein by reference each and every allegation

26   contained in the preceding paragraphs as though set forth fully herein.

27   36. At all times relevant herein, Plaintiff's employment with Defendants was subject to

28   the provisions of California Labor Code § 226.7, which requires Defendants to provide Plaintiff

1 | a half-hour meal period for every five hours worked and at least a 10 minute rest period for every
2 | four hours worked.

3 | 37. During Plaintiff's employment with Defendants, Plaintiff worked ten hours a day, and
4 | was not provided rest periods as required by law.

5 | 38. For each day that Plaintiff was not provided the required rest and/or meal periods, she
6 | is entitled to recover one additional hour of pay at her regular rate of compensation pursuant to
7 | California Labor Code § 226.7.

8 | 39. Plaintiff is therefore entitled to payment, in an amount to be proven at trial, for
9 | additional pay for each rest and/or meal periods that Defendants failed to provide. Plaintiff is
10 | further entitled to payment of her reasonable attorney's fees and costs of suit incurred in
11 | recovering the additional pay as per California Labor Code § 218.5, and interest pursuant to
12 | California Labor Code § 218.6.

13 | **COUNT IV**

14 | **(Violation of Cal. Labor Code §201 against all Defendants)**

15 | 40. Plaintiff realleges and incorporates herein by reference each and every allegation
16 | contained in the preceding paragraphs as though set forth fully herein.

17 | 41. At the time Plaintiff's employment with Defendants terminated, Defendants owed
18 | Plaintiff unpaid overtime wages as alleged herein.

19 | 42. Failure to pay wages owed at an employee's termination as required by California
20 | Labor Code § 201 subjects the employer to payment of a penalty equaling up to 30 days' wages
21 | as provided for in California Labor Code § 203.

22 | 43. As of this date these wages have not been paid, thus making Defendants liable to
23 | Plaintiff for penalties equal to 30 days' wages.

24 | **COUNT V**

25 | **(Unfair Competition, Violation of Business & Professions Code § 17200 *et seq.* against all**
26 | **Defendants)**

27 | 44. Plaintiff realleges and incorporates herein by reference each and every allegation
28 | contained in the preceding paragraphs as though set forth fully herein.

COMPLAINT FOR DAMAGES            7

1    45. The court has jurisdiction over this action pursuant to Business and Professions Code
2  § 17200 *et seq.*, specifically Business and Professions Code § 17203, which provides any person
3  who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any
4  court of competent jurisdiction; and the court may make such orders or judgments, including the
5  appointment of a receiver, as may be necessary to prevent the use or employment by any person
6  of any practice which constitutes unfair competition, or as may be necessary to restore to any
7  person in interest any money or property, real or personal, which may have been acquired by
8  means of such unfair competition; and Business and Professions Code § 17204, which provides
9  for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in
10  a court of competent jurisdiction by any board, officer, person, corporation or association or by
11  any person acting for the interests of itself, its members or the general public.

12    46. Defendants, and each of them, failed to properly compensate Plaintiff in violation of
13  Cal. Labor Code Sections 201, 203, 226.7, 510, 1194, 29 U.S.C. §201 et. seq., and the applicable
14  Wage Order promulgated by the California Industrial Welfare Commission pursuant to Cal.
15  Labor Code §1173.

16    47. The foregoing acts of the Defendants constitute unlawful and unfair business acts
17  under Business & Professions Code § 17200 *et seq.*

18    48. As a direct and proximate result of said unlawful and unfair business acts, Plaintiff
19  suffered damages in an amount as yet unascertained and to be proven at trial. Plaintiff is entitled
20  to relief, including without limitation full restitution and/or disgorgement of all wages owed
21  which have been withheld by Defendants as a result of such business acts or practices.

22                                            **COUNT VI**

23  **(Record Keeping Violations— Violation of Cal. Labor Code §226 against all Defendants)**

24    49. Plaintiff realleges and incorporates herein by reference each and every allegation
25  contained in the preceding paragraphs as though set forth fully herein.

26    50. During each pay period during Plaintiff's employment with Defendants, Defendants,
27  and each of them, failed to provide Plaintiff with an itemized statement of earnings that states
28

COMPLAINT FOR DAMAGES              8

Plaintiff's accurate total hours worked, their overtime hours worked and the gross wages earned. Instead Defendants provided incorrect statement.

51. Defendants' and each of their failure to provide accurate itemized statements was in violation of California Labor Code §226.

52. As a result of Defendants' record keeping violations, Plaintiff requests the Court impose civil penalties against Defendants pursuant to Labor Code § 226.3 in a sum to be determined according to proof.

53. As a direct result of the foregoing, Plaintiff has suffered damages in an amount as yet unascertained and according to proof at trial. Plaintiff is further entitled to payment of her reasonable attorney's fees and costs of suit incurred in recovering the additional pay as per California Labor Code § 226(e).

## PRAYER

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages per Cal. Labor Code §1194 for unpaid overtime wages in an amount to be determined;

2. For liquidated damages per FLSA equal to unpaid overtime wages in an amount to be determined at trial;

3. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

4. Damages for missed rest periods in violation of California Labor Code §226.7 in an amount to be determined at trial;

5. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to California Labor Code § 203 in an amount to be determined at trial;

6. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

7. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid wages pursuant to California Labor Code §1194(a) and on the meal period violation premiums pursuant to California Labor Code §218.6;

1    8. For reasonable attorney's fees pursuant to California Labor Code §1194(a), §226(e),
2       §218.5 and 29 U.S.C. §216(b) of the FLSA;
3    9. For costs of suit herein; and
4    10. For such other and further relief as the Court may deem appropriate.

5                          **DEMAND FOR JURY TRIAL**

6       Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

7

8    Dated: July 20, 2012

9                                    Law Offices of Richard Wahng

10

11

12

13                                   Ray H. Choi
                                     Attorney for Plaintiffs
14